ERWIN E. ADLER (Bar No. 40638)
ADLER LAW GROUP
350 So. Figueroa St., Suite 520
Los Angeles, California 90071
Telephone: (213) 893-3900
Facsimile: (213) 893-3910

Attorneys for Plaintiff
Macy's, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Macy's Inc., a Corporation<br><br>           Plaintiff<br><br>v.<br><br>H & M Construction Co., Inc., H & M Architects/Engineers, Inc. and Does 1-25,<br><br>           Defendants<br><br>H&M Construction Co., Inc., a Tennessee Corporation,<br><br>           Third-Party Plaintiff,<br><br>v.<br><br>S.A. Comunale Co., Inc.; Southern Electric and Controls, LLC; and Roes 1-50,<br><br>           Third-Party Defendants. | Case No. CV-17-00990-PHX-SPL<br><br>**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**<br><br>**DECLARATION OF ERWIN E. ADLER IN SUPPORT THEREOF**<br><br>(*Oral argument requested*) |

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

Macy's Inc. moves to strike the reply brief of H & M Construction in support of the latter's motion to dismiss Macy's complaint. Macy's moves to strike that reply brief on the basis Construction's reply brief supporting its motion to dismiss is improper for two reasons:

- First, Construction's reply brief is improper because it raises new arguments and new issues it did not raise in its motion to dismiss; and
- Second, since Construction knew – based on authorities previously supplied by Macy's – its argumentative contentions were insufficient and immaterial; thus, its reply brief should be stricken pursuant to Fed.R.Civ.Proc. 2(f).

Macy's, Inc. bases its motion on its memorandum of points and authorities and supporting declaration of Erwin E. Adler.

January 16, 2018

ADLER LAW GROUP

*/s/Erwin E. Adler*
Erwin E. Adler, Attorneys for Macy's, Inc.

---

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE

## I.   INTRODUCTION

Macy's, Inc. supports its motion to strike the reply brief filed by Construction in support of its belatedly filed motion to dismiss with this brief.

## II.   SUMMARY OF FACTS AND ARGUMENT

Macy's motion to dismiss is based on two basic concepts:

- First, Construction tries to "piggy-back" its motion to dismiss on a motion filed by its corporate affiliate, H & M Architects/Engineers. That effort is improper. Construction's motion, under the governing rules, is too late: Macy's served its complaint on Construction many months ago. And Construction *answered* on July 18, 2017. Nonetheless, six months later, i.e., on January 10, 2018, Construction has also moved to dismiss. Fed.R.Civ.Proc. 12(b) however restricts a litigant to the option of either answering *or* moving to dismiss. The rules also limit the time for filing such a motion, mandating such motions to dismiss *"must be made before pleading* if a responsive pleading is allowed. . ."

  In sum, Construction had the option of answering or moving to dismiss; it *answered*. Further, Rule 12 fails to grant Construction a second chance to file a motion to dismiss simply because another party did so. Put simply, Construction's motion is untimely and thus, improper.

- Second, Construction improperly raises a new argument in its reply brief: that if expert testimony is useful to proving liability, the plaintiff must also submit a professional's certification. Construction however cites no authority supporting its novel theory. Moreover, Construction – as Macy's previously pointed out to Construction – is aware its legal theories have no legal merit.

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

2

Nonetheless, to bar Macy's from explaining why those speculative theories are legally meritless, Construction improperly raises those arguments for the first time in its reply brief.

### III.  LEGAL ANALYSIS

    A.  ***Construction, after answering, cannot thereafter also move to dismiss***.

Fed.R.Civ.Pro. 12(b) specifies the framework for responding to a complaint. In sum, a responding party has the option of either (1) filing an answer or (2) moving to dismiss. The final paragraph of Rule 12(b) specifically provides in relevant part:

> "A motion asserting any of these defenses *must be made* before pleading if a responsive pleading is allowed. . ." (emphasis added)

The term "must" is straightforward; that word means:

> "1.  to be obliged or bound to by an imperative requirement:
> *I must keep my word*.
> 2.  to be under the necessity to; need to:
> *Animals must eat to live*.
> 3.  to be required or compelled to, as by the use or threat of force:
> *You must obey the law*."[1]

Construction, in response to Macy's complaint, elected the first option; it *answered* on July 18, 2017. Despite Construction's unsupported argumentation, Rule 12 does not provide a third option, i.e., *answering and also filing a motion* to dismiss if another party does so.

Construction, to support its speculative theory in its brief, represents: "H and M Construction has spent the last few months attempting to resolve this issue without Court intervention." That representation is devoid of substance. As highlighted by Construction's attachments to its reply brief, it first wrote Macy's on October 12, 2017, i.e., three months after Construction had *answered*. Plainly, Construction's current position – that it can answer and also file a motion to dismiss if someone moves to

---

[1] **http://www.dictionary.com/browse/must**

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

3

1  dismiss – is not supported by the plain language of the rule.  In sum, its motion is tardy.

B.   ***Construction's contention – that if expert testimony may be useful to proving liability, a plaintiff must also submit a professional's certification – is procedurally improper and substantively without legal merit.***

(I).   *Procedurally, raising a new argument in a reply brief is improper*.

Construction raises new arguments in its reply brief.  Such improper maneuvering has been uniformly condemned by the courts of this district,[2] the Ninth Circuit[3] and other districts.[4]  As those courts have highlighted, precluding parties from raising new arguments in their reply briefs is necessary "to prevent 'sandbagging' " and to give opposing counsel a chance to respond.  Were a party to be able to raise arguments for the

---

[2] See e.g., *United States v. Self*, 100 F. Supp. 3d 773, 778 *9, fn. 2 (D. AZ. 2015) (Movant's argument . . . was raised for the first time in Movant's reply brief. [citation] The Court 'will not consider new arguments raised for the first time in a reply brief.' [citations]"); *Barr v. Ryan*, 2016 U.S. Dist. LEXIS 178781, *2 (D. Ariz. 2016) ("Because it is improper for a party to raise a new argument in a reply brief, the Court takes no action on Petitioner's request. [citations]").

[3] See e.g., *Eberle v. City of Anaheim*, 901 F.2d 814, 818 (9th Cir.1990) ("It is well established in this circuit that the general rule is that appellants cannot raise a new issue for the first time in their reply briefs.") Accord: *United States v. Uptergrove*, 2008 U.S. Dist. LEXIS 101952 *19 (E.D. CA 2008) ("Parties are required to raise all of their arguments in their opening brief to prevent 'sandbagging' of other non-moving party and to provide opposing counsel the chance to respond.").

[4] See e.g., *Spires v. Schools,* 2017 U.S. Dist. LEXIS 152128 fn.3 (D.C.S.C. 2017) ("It is improper to rais[e] a new argument in a reply brief. [citations]"); *Keweenaw Bay Indian Cmty. v. Khouri*, 2017 U.S. Dist. LEXIS 101890 *23 (W.D. MI. 2017) (" 'Raising a new argument in a reply brief is patently improper.' [citation] A party cannot wait until the reply brief to make new arguments, thus effectively depriving the opposing party of the opportunity to expose the weaknesses of the argument. [citations]"); *United States v. Martin*, 454 F. Supp. 2d 278, 282 (E.D. PA 2006)("A reply brief is intended only to provide an opportunity to respond to the arguments raised in the response brief; it is not intended as a forum to raise new issues. [citations]").

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike                     4

first time in their reply briefs, that would result in "effectively depriving the opposing party of the opportunity to expose the weaknesses of the argument. [citations]"[5]

Construction presents new arguments in its reply brief which is precisely the type of "sandbagging" which the courts have condemned. Had Construction raised those arguments in its opening brief, Macy's would have exposed the weakness of those theories in its opposition brief. Indeed, Macy's – in a letter *which Construction failed to attach to its reply brief* – had already exposed the lack of merit to those contentions. In sum, Construction tried to avoid this court considering the weakness of its theories by failing to state them in its opening brief and further, by failing to attach Macy's November 22, 2017-letter to its reply brief (while purporting to include the parties' discussion of these issues). A copy of that letter is enclosed with this brief.[6]

>   (II).  *Substantively, Construction's theory – if a plaintiff uses an expert to support its position, it must also proffer a professional certification – is without merit.*

Construction, in contending a plaintiff must proffer a professional's certification if it asserts a defendant was negligent, conflates different issues, i.e., the role of an expert in litigation with the necessity – as compared with the utility of an expert – in explaining whether a defendant breached the standard of care. And Construction knew, when it raised its theories in its reply brief, these contentions had no legal merit for the reasons Macy's had already explained in its November 22 letter. (Adler Dec. Exhibit "A")

First and critical, Construction cites no decision holding there is any necessity relationship between a proffer of expert testimony and the necessity for also providing a professional certification. Nor could Construction cite any since no decision so holds. In sum, experts have a narrow role; they aid the members of a jury to determine facts

---

[5]*Keweenaw Bay Indian Cmty. v. Khouri*, *supra*. at *23.

[6]Adler Declaration, Exhibit "A."

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

5

otherwise beyond their understanding. Ariz. Rule of Evid. 702 provides in relevant part:

> "A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; . . ."

Thus, experts present opinions in a variety of contexts unfamiliar to a jury such as issues as to the propriety of a medical diagnosis given by a non-doctor microbiologist;[7] whether a high-speed police chase in a residential neighborhood is unreasonable[8]; the reliability of eye witness testimony in cross-racial identification[9]; and the general characteristics displayed by victims of child abuse.[10] In short, an expert – such as a mechanic in a typical auto accident case – need not be a professional. And thus, an expert opinion is not necessarily connected with the need for a professional certification.

Second, contrary to the basic principle underlying expert testimony as stated in Section 702 – that such testimony (*not a professional certification*) is necessary only if a factual situation is beyond the purview of an ordinary jury – Construction represents the contrary to this court. Similarly, Construction also erroneously represents "plaintiffs bringing claims against general contractors pertaining to the contractor's work generally must comply with A.R.S. § 12-2602."[11]

Construction, by failing to set forth either aberrant theory in its opening brief as procedurally required, tried to "sandbag" Macy's by preventing it from responding to them. Construction, while purporting to set forth in its reply brief the parties' discussion

---

[7]*Baroldy v. Ortho Pharmaceutical Corp.*, 157 Ariz. 574, 587-588, 760 P.2d 574 (1988).

[8]*Pincock v. Dupnik,* 146 Ariz. 91, 95-96, 703 P.2d 1240 (1985).

[9]*State v. Hooper*, 145 Ariz. 538, 546, 703 P.2d 482 (1985).

[10]*State v. Salazar-Mercado*, 232 Ariz. 256, 258, 304 P.3d 543 (2013).

[11]Construction Reply Brief, p. 2:24-25.

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike                                6

of those issues in their correspondence, also excluded Macy's response to those contentions. By such "sandbagging," Construction has tried to deprive this court from considering the lack of merit to those contentions.

- *Initially*, Macy's pointed out in its November 22 letter, no decision cited by Construction holds a plaintiff suing a construction company must file a professional certification. *And Construction, in its reply brief, similarly fails to cite any such decision.*

- *Further*, as Macy's also pointed out, Construction's reliance on *34 Degrees North, LLC v. Mt. View Constr., LLC*, 2016 Ariz.App.Unpub. LEXIS 1552 is misplaced since that decision fails to address the professional certification issue. Indeed, the court never considered the certificate-of-merit statute except to note plaintiff's counsel had represented he would file such an opinion but after he failed to do so, the trial court dismissed the case *at trial*. Macy's, unlike plaintiff's counsel in *34 Degrees North*, never made any such representation. Plainly, it is premature to consider whether a jury needs an expert opinion to testify **at trial** in this case.

Construction, like the court in *34 Degrees North,* referenced another decision equally irrelevant to indicating whether Macy's must file a certificate of merit, i.e., *Woodward v. Chirco Constr. Co.*, 141 Ariz. 520, 521 (1984). Again, like *34 Degrees North*, the court never even referenced the certificate of merit procedure. Instead, it merely held a claim against a contractor **at trial** – if the suit involves knowledge beyond the competence of ordinary jurors – should proffer expert testimony. And in discussing a California decision, it held expert opinion testimony is not always necessary, even in a construction defect suit, explaining:

> " '[T]he decisive consideration in determining the admissibility of expert opinion evidence is whether the subject of inquiry is one of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness or whether, on the other hand, the matter is sufficiently beyond common experience that the opinion of an expert would

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

7

assist the trier of fact.' "[12]

And further – also directly contrary to Construction's contentions as to the necessity for expert opinions – the court held claimants need not always proffer an expert, even ***at trial***. It quoted further from that California decision, indicating the following to be "illustrative":[13]

> " 'We exclude from consideration those failures on the part of the builder which are so obvious, if not bizarre, that they present no problem in the determination of his negligence, as for example the installation of a fireplace without a chimney or of a second floor without any means of access to it.' [citation]"[14]

Applying the court's observation to Macy's claim, it is difficult to believe an ordinary juror could fail to understand that if a sprinkler head is insufficiently tightened, that head will fall off and water will pour out. And further, a juror could readily understand that if sprinkler heads are supposed to be installed according to manufacturer's instructions – and the manufacturer requires the heads to be tightened with a wrench – the heads were improperly installed if they were not wrench-tightened. *In short, an expert – and further, a professional certification – is unnecessary as to the claim at bar.*

- *Finally*, Construction, without citing authority, objects to applying an "active"-"passive" negligence distinction to define Construction's vicarious responsibility. In sum, Construction agreed to supervise its subcontractor's installation of the sprinkler heads and its vicarious responsibility for its subcontractor's negligence. Plainly, vicarious liability – which, as the courts have explained, does not require a certificate of merit under Section 12-2601 – is sufficient to establish Construction's liability. As the court explained in holding a licensed professional

---

[12]*Id.*, at 521.

[13]*Id.,* at 522,

[14]*Id.*

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

8

vicariously liable for its employee's negligence:

> ". . . '[T]hose whose liability is only vicarious are fault free – someone else's fault is imputed to them by operation of law.'). *The definition of a 'claim' under § 12-2601 does not include one based on vicarious liability. Rather, it refers to the 'licensed professional's alleged . . . negligence.' § 12-2601(1)(b)*. Thus, a claim grounded on respondeat superior liability is not a 'claim' as contemplated by § 12-2602, and an expert affidavit is only required if expert testimony is necessary to prove the tortfeasor's liability based on his or her own conduct."[15]

In short, Construction's attempt to bypass its duty of raising its arguments in its opening brief – by the expedient of raising those contentions for the first time in its reply brief – was plainly improper and its substantive contentions are without legal merit.

## IV.  CONCLUSION

For the reasons stated above – that Construction raised new arguments for the first time in its reply brief – Macy's submits this court is obliged to strike that reply brief.

Dated: January 16, 2018

                                              ADLER LAW GROUP

                                              */s/Erwin  E. Adler*
                                              Erwin E. Adler, Attorneys for Macy's, Inc.

---

[15] *Warner v. Southwest Desert Images*, LLC, 218 Ariz. 121, 128, 180 P.3d 986 (2008). (emphasis added).

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike

9

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of January, 2018, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmitted a Notice of Electronic Filing to the following CM/ECF participants.

William W. Drury, Esq.
Denise J. Wachholz, Esq.
RENAUD COOK DRURY MESAROS, PA
One North Central, Suite 900
Phoenix, Arizona 85004-4417

Jill Ann Herman, Esq.
Mia T. Nguyen, Esq,
Wood Smith Henning & Berman, LLP
2525 E Camelback Rd., Ste. 450
Phoenix, AZ 85016

John M. DiCaro, Esq.
David J. Amundsen, Esq.
JONES, SKELTON & HOCHULI, PLC
40 N. Central Avenue, Suite 2700
Phoenix, AZ 85004

Ryan J. Linder, Esq.
Drew M. Gully, Esq.
LINDER & GULLY, PLC
60 East Rio Salado Parkway, Suite 900
Tempe, AZ 85281

By      /s/ *Julia Hegedus*

---

**MOTION OF MACY'S INC. TO STRIKE REPLY BRIEF OF H & M CONSTRUCTION CO., INC. IN SUPPORT OF MOTION TO DISMISS AND BRIEF IN SUPPORT THEREOF**

018-1-16 Macy's Motion to Strike