**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Macy's, Inc., | No. CV-17-00990-PHX-SPL |
| Plaintiff, | |
| vs. | **ORDER** |
| H & M Construction Company, Inc., et al., | |
| Defendants. | |
| H & M Construction Company, Inc., | |
| Third-Party Plaintiff, | |
| vs. | |
| S.A. Comunale Co., Inc., et al., | |
| Third-Party Defendants. | |

On March 9, 2007, Plaintiff Macy's, Inc. entered into a contract with H & M Construction Company Inc. ("HMC") in connection with the construction of a distribution center in Goodyear, Arizona. (Doc. 1 ¶ 8.) The agreement provided that "Contractor shall furnish all services, materials [etc.] ... to undertake and complete in a thoroughly first-class and workmanlike manner all work indicated in the Drawings, Specifications and General and Special Conditions under the direction and to the satisfaction of Architect and Owner." (Doc. 1 ¶ 9.) Under the agreement, H & M Architects/Engineers Inc. ("HMA") was named as the project "Architect." (Id.) Macy's

alleges that under the agreement, HMC and HMA would hire subcontractors, but would remain "responsible for all aspects of supervising, designing, managing, installing, constructing, repairing, inspecting and testing of various elements of the Goodyear wish-fulfillment center." (Doc. 1 ¶ 10.)

During construction, a fire suppression water-sprinkler system was installed in the distribution center. Macy's alleges that at the time of installation, the sprinkler heads had not been properly "wrench-tightened," and as a result, on October 12, 2015, "one sprinkler head fell off and released the water from the sprinkler system onto goods stored in the distribution center." (Doc. 1 ¶ 15.) The water damaged 44,490 pairs of shoes that were being held for sale in the center and resulted in a net loss of $3,789,272.25. (Doc. 1 ¶ 16.)

On April 4, 2017, Macy's filed a complaint bringing a claim of negligence claim against HMC and HMA. (Doc. 1.) HMA has moved to dismiss the complaint pursuant to Rule 12(b)[1] of the Federal Rules of Civil Procedure (Doc. 23), to which HMC has joined in part (Doc. 47). As follows, the Court will grant the motion in part, and will dismiss the complaint with leave to amend.

### A.     Failure to State a Claim

First, viewing the allegations in the light most favorable to Macy's, the Court finds that the complaint fails to sufficiently state a claim of negligence against HMA.[2] *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Moss v. United States Secret Service*, 675 F.3d 1213, 1228 (9th Cir. 2012); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). In the

---

[1]     HMA moves to dismiss the complaint for failure to state a claim under Rule 12(b)(6) and for failure to file a written statement in accordance with Ariz. Rev. Stat. § 12-2602(A). *See Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (a failure to exhaust non-judicial conditions is treated as a matter in abatement, which is subject to an unenumerated 12(b) motion to dismiss.).

[2]     "To establish a claim for negligence, a plaintiff must prove four elements: (1) a duty requiring the defendant to conform to a certain standard of care; (2) a breach by the defendant of that standard; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual damages." *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) (citing *Ontiveros v. Borak*, 136 Ariz. 500, 504 (1983)).

complaint, Macy's does not allege any individual instances of negligent conduct by HMA. Rather, "unaware of the exact nature of the relationship between, on the one hand, H & M Construction and H & M Architects/Engineers, and on the other, the Subcontractor Defendants and the part each of them played respectively in the construction of the addition to the existing distribution center in Goodyear," the complaint sets forth allegations against HMA interchangeably with HMC. (Doc. 1 ¶ 5; *see also e.g.,* Doc. 1 ¶¶ 10, 13-14, 18-22.) Because the complaint does contain any factual content to distinguish the conduct that is alleged to have been committed by HMA, or the capacity in which it is sued, it is insufficient to state a claim for relief against it. *See Twombly,* 550 U.S. at 556.

The complaint further fails to sufficiently allege the existence of a duty of care to support a claim of negligence against HMA. *See Gipson*, 150 P.3d at 230 ("Whether the defendant owes the plaintiff a duty of care is a threshold issue; absent some duty, an action for negligence cannot be maintained."); *Sullivan v. Pulte Home Corp.*, 354 P.3d 424, 430 (Ariz. Ct. App. 2015) ("A cause of action for negligence requires the existence of a duty of care, which is a determination that a defendant is under a legal obligation to conform to a particular standard of conduct to protect others against unreasonable risks of harm."); *Flagstaff Affordable Housing Ltd. Partnership v. Design Alliance, Inc.*, 223 P.3d 664, 671-72 (Ariz. 2010). While the complaint alleges that all the defendants "were under a duty to exercise ordinary and reasonable care to avoid reasonably foreseeable injury to Macy's" (Doc. 1 ¶¶ 20, 26), it does not allege the relationship between HMA and Macy's that imposes a legal obligation on HMA to exercise a certain degree of care to avoid or prevent injury to Macy's. In its response brief, Macy's argues that HMA assumed a duty of care under the contract which named HMA as the "Architect." (Doc. 26 at 4.) This fact does not establish that HMA contractually owed a duty of care to Macy's - there is no allegation that HMA was a party to the contract. Without more, negligence on the part of the Architect or any other non-contracting party (such as the subcontractors) in executing their responsibilities under the terms of the contract is only relevant to whether HMC

breached its contractual duty of care to Macy's and is liable for their negligent actions.

Macy's next argues that HMA has a duty arising under the contract because HMA is a corporate subsidiary of HMC. (Doc. 25 at 4.) While this allegation, were it to be alleged in the complaint, might be relevant to whether HMC is liable for HMA's negligent conduct, it fails to establish that HMA had a legal obligation to Macy's to perform under a standard of care. Macy's alternatively argues that HMC "entered into a contract on behalf of both corporate entities to construct Macy's distribution facility." (Doc. 53 at 2.) Effectively, Macy's maintains that HMA may be sued to the same extent HMC may be sued under an alter ego theory. This argument however, is a legal conclusion that is not alleged or supported by any facts in the complaint. *See Iqbal,* 556 U.S. at 679 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations"). "A basic axiom of corporate law is that a corporation will be treated as a separate entity unless there is sufficient reason to disregard the corporate form." *Loiselle v. Cosas Management Group, LLC*, 228 P.3d 943, 950 (Ariz. Ct. App. 2010) (quoting *Standage v. Standage*, 711 P.2d 612, 614 (Ariz. Ct. App. 1985)). *See also Deutsche Credit Corp. v. Case Power & Equip. Co.*, 876 P.2d 1190, 1195 (Ariz. Ct. App. 1994) (Arizona recognizes a presumption of corporate separateness). To demonstrate that HMC and HMA are not separate entities and overcome the presumption of corporate separateness, Plaintiff must show "both (1) unity of control and (2) that observance of the corporate form would sanction a fraud or promote injustice." *Gatecliff v. Great Republic Life Ins. Co.*, 821 P.2d 725, 727 (Ariz. 1991). *See also DBT Yuma, LLC v. Yuma County Airport Authority*, 340 P.3d 1080, 1082 (Ariz. Ct. App. 2014) (a plaintiff must allege facts showing that the unity of control between the two entities "was so pronounced that 'the individuality or separateness' of the two 'had ceased to exist.'") (quoting *Ferrarell v. Robinson,* 465 P.2d 610, 613 (Ariz. Ct. App. 1970)). Macy's complaint makes no such showing.

Despite these numerous defects, the Court is unable to conclude that Macy's claim against HMA cannot be cured with the addition of other facts. Therefore, Macy's will be

1   given an opportunity to file an amended complaint. *See Lopez v. Smith*, 203 F.3d 1122,

2   1127 (9th Cir. 2000) (en banc) ("a district court should grant leave to amend even if no

3   request to amend the pleading was made, unless it determines that the pleading could not

4   possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d

5   494, 497 (9th Cir. 1995)).

6   **B.    Failure to Comply with Ariz. Rev. Stat. § 12-2602**

7           Next, Defendants move to dismiss the claims against them for failure to comply

8   with Ariz. Rev. Stat. § 12-2602. They argue that because they are licensed professionals,

9   expert testimony is required to establish that they had breached the relevant standard of

10  care, and Macy's was required to file a written statement under Ariz. Rev. Stat. § 12-

11  2602(A).

12          In short, Macy's complaint asserts claims against licensed professionals for

13  purposes of the statute. *See* Ariz. Rev. Stat. § 12-2601(3) ("'Licensed professional'

14  means a person, corporation, professional corporation, partnership, limited liability

15  company, limited liability partnership or other entity that is licensed by this state to

16  practice a profession or occupation under title 20 or 32 or that is admitted to the state

17  bar."); Ariz. Rev. Stat. § 32-1101 *et. seq.* (regulating contractors). Because Macy's

18  complaint alleges that "H & M Construction and H & M Architects/Engineers negligently

19  constructed the extension and enlargement of the Macy's Goodyear distribution center in

20  that their design, installation, construction, testing, inspection and supervision of the

21  sprinkler system-which fell below the standard of due care - caused Macy's to sustain

22  damages" (Doc. 1 ¶ 18),  Macy's was required to "certify in a written statement that

23  [was] filed and served with the [complaint] whether or not expert opinion testimony is

24  necessary to prove the licensed professional's standard of care or liability for the claim."

25  Ariz. Rev. Stat. § 12-2602(A). *See* Ariz. Rev. Stat. § 12-2602(1)(b) ("'Claim' means a

26  legal cause of action… based on the licensed professional's alleged breach of contract,

27  negligence, misconduct, errors or omissions in rendering professional services").

28          Macy's failure to file its written statement, however, is not grounds for dismissal.

5

*See* Ariz. Rev. Stat. § 12-2602(F) ("The court, on its own motion or the motion of the licensed professional, shall dismiss the claim against the licensed professional without prejudice if the claimant fails to file and serve a preliminary expert opinion affidavit after the claimant or the claimant's attorney has certified that an affidavit is necessary or the court has ordered the claimant to file and serve an affidavit.") (emphasis added); *Warner v. Southwest Desert Images*, LLC, 180 P.3d 986, 994 (Ariz. Ct. App. 2008). Instead, Macy's shall be required to attach and file a separate written statement in accordance with § 12-2602 to its amended complaint. Any disputes regarding whether expert opinion testimony is necessary may be addressed at that time in the manner provided under § 12-2602(D). Accordingly,

**IT IS ORDERED:**

1. That the Motion to Strike (Doc. 56) is **denied**;

2. That the Motion to Dismiss (Doc. 23) is **granted in part** on the grounds stated above;

3. That the claim against H & M Architects/Engineers Inc. is **dismissed with leave to amend**;

4. That Plaintiff shall have until **April 20, 2018** to file a First Amended Complaint in accordance with this Order and the local and federal rules; and

5. That if Plaintiff fails to file a First Amended Complaint on or before **April 20, 2018**, Defendant H & M Architects/Engineers Inc. will be dismissed with prejudice without further notice; and

6. That if Plaintiff timely files a First Amended Complaint, Defendants shall have **fourteen (14) days** to file an answer and otherwise respond as provided by Rule 12 of the Federal Rules of Civil Procedure.

Dated this 31st day of March, 2018.

Honorable Steven P. Logan
United States District Judge