**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Macy's Incorporated, | No. CV-17-00990-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| H&M Construction Company Incorporated, et al., | |
| Defendants. | |

Arizona law "requires a plaintiff in a non-healthcare, professional negligence action to file a certificate, stating whether or not expert testimony is necessary to support any claim in the complaint. In the event of a dispute over whether expert testimony is required on liability, the trial court will make the determination." *Kaufman v. Jesser*, 884 F. Supp. 943, 952-57 (D. Ariz. 2012) (citing A.R.S. § 12-2602).[1]

Here, Macy's failed to file the required certificate with its initial complaint. Accordingly, in an order filed on March 31, 2018, the Court ordered Macy's to do so. (Doc. 64 at 6 ["Macy's shall be required to attach and file a separate written statement in accordance with § 12-2602 to its amended complaint."].)

On April 20, 2018, Macy's filed its amended complaint. (Doc. 65.) It had two attachments. The first was entitled "Return Of Macy's, Inc. In Response To This Court

---

[1] Several courts have concluded that Arizona's expert-certification requirement applies in diversity actions pursued in federal court. *Kaufman*, 884 F. Supp. at 952-57; *Gringo Pass, Inc. v. Kiewit Southwest Co.*, 2010 WL 11474942, *3 (D. Ariz. 2010) ("A.R.S. § 12-2602 applies in this Court under the *Erie* doctrine."). Moreover, Macy's didn't dispute its potential applicability in a previous filing in this case. (Doc. 53.)

Order Dated March 31, 2018 Re: Certificate Of Merits." (Doc. 65-1.) In this document, Macy's asserted that expert testimony is not required to prove its claims but also explained that, in an effort to avoid litigation over the issue, it would be willing to provide an expert affidavit opining that the defendants had breached the standard of care. (*Id.*) The second attachment was a declaration from an engineer containing this opinion. (Doc. 65-2.)

The Court will pause to note that Macy's approach—denying the need for expert testimony yet providing an expert declaration—isn't the approach that's contemplated by A.R.S. § 12-2602. Under the statute, the first step is for the plaintiff to make a yes/no representation as to whether expert opinion testimony is required. *See* A.R.S. § 12-2602(A). If the plaintiff concedes that expert testimony is necessary, the plaintiff must provide a preliminary affidavit within a specified period of time. *See* A.R.S. § 12-2602(B). And if the plaintiff denies that expert testimony is necessary, and the defendant disagrees, the statute contemplates that the Court will hold a hearing to determine, on the merits, who is correct. A.R.S. § 12-2602(D)-(E).

Here, because Macy's denied in Doc. 65-1 that expert testimony is required, there is a colorable argument that the Court should hold a hearing to resolve the issue on the merits. However, because the potential outcome of that hearing would simply be to require Macy's to provide an expert affidavit—something it's already done—the Court is inclined to accept Macy's position that such a hearing is unnecessary. *See also Gringo Pass*, 2010 WL 11474942 at *2 (permissible for plaintiff to deny the need for expert testimony so long as plaintiff also provides expert affidavit).

Unfortunately, this analysis doesn't resolve the matter. On April 23, 2018, the Court struck Doc. 65 because it failed to comply with Local Rule 15.1 (*i.e.,* it didn't attach a copy of the amended pleading indicating how it differs from the pleading it amends). (Doc. 66.) In response, Macy's refiled its amended complaint with an attached copy indicating the changes. (Doc. 67.)[2] Macy's did not, however, refile Docs. 65-1 and

---

[2] Macy's then received a notice of deficiency and was ordered to file a separate notice of filing the amended pleading pursuant to Local Rule 15.1. (Doc. 68.) Macy's

1    65-2 as attachments to the new pleading, even though the Court had struck all of Doc. 65.

2          Accordingly, **IT IS ORDERED** that Macy's shall have until **November 16, 2018**

3    to re-file the documents that were previously filed as Docs 65-1 and 65-2.

4          Dated this 9th day of November, 2018.

Dominic W. Lanza
United States District Judge

---

complied and filed its notice of filing the amended pleading on May 1, 2018.  (Doc. 69.)

- 3 -