**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Macy's Incorporated,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>H&M Construction Company Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV-17-00990-PHX-DWL<br><br>**ORDER** |
| H&M Construction Company Incorporated,<br><br>　　　　　Third-Party Plaintiff,<br><br>v.<br><br>S.A. Comunale Company Incorporated, et al.,<br><br>　　　　　Third-Party Defendants. | |

　　　Macy's Inc. ("Macy's") sued two defendants, H and M Construction Co., Inc. ("HMC") and H and M Architects/Engineers, Inc. ("HMA"), after a leaky sprinkler system—which the defendants were allegedly responsible for designing, installing, and/or supervising the installation of—caused nearly $3.8 million in damage to nearly 45,000 pairs of shoes that Macy's was holding for sale in an Arizona distribution center. The Court previously dismissed, without prejudice, the complaint against HMA because it didn't adequately allege duty or specific negligent conduct by HMA. (Doc. 64.) The Court also ordered Macy's to comply with A.R.S. § 12-2602 by filing a written certification

concerning the need for expert testimony. (*Id.* at 5-6.)

Macy's filed an amended complaint. (Doc. 65.) Attached to this pleading were two exhibits that were intended to satisfy A.R.S. § 12-2602. (Docs. 65-1, 65-2.) The Court struck the amended complaint and the two exhibits because Macy's failed to comply with Local Rule 15.1. (Doc. 66.) In response, Macy's refiled its amended complaint but failed to refile the two exhibits. (Doc. 67.) Accordingly, the Court issued an order requiring Macy's to refile the two exhibits by November 16, 2018. (Doc. 92.) Macy's ignored this deadline.

Separately, HMA has moved to dismiss the amended complaint for failure to state a claim. (Doc. 70.) The motion is fully briefed and neither party has requested oral argument.

As explained below, the Court will deny the motion to dismiss. The Court also will provide Macy's with one more opportunity to refile the two exhibits that are necessary to satisfy its obligations under A.R.S. § 12-2602. Failure to comply will result in dismissal of this action.

**BACKGROUND**

Macy's entered into a contract with HMC in March 2007 in connection with the construction of an addition to a Macy's distribution center in Goodyear, Arizona. (Doc. 67 ¶¶ 1, 8.) In the contract, HMC represented that HMA "would assume the responsibility of being the project architect." (*Id.* ¶ 20.) Macy's alleges that it paid all sums due and that, under information and belief, HMC and HMA both received payment under the contract. (*Id.* ¶ 9.)

Macy's contends the sprinkler heads installed at the distribution center were hand-tightened, rather than wrench-tightened, and, as a result, one of them became loose and fell off the pipe, causing water to cascade onto shoes being held for sale at the distribution center. (*Id.* ¶ 12.) Macy's further alleges the sprinklers were installed in a manner contrary to various standards governing the installation of sprinkler heads. (*Id.* ¶¶ 10-12.) The water damaged 44,490 pairs of shoes, only some of which could be sold in a salvage sale,

resulting in a net loss of nearly $3.8 million. (*Id.* ¶ 12.)

The amended complaint asserts two claims: (1) a negligence claim against HMC and (2) a negligence claim against HMA. Although the complaint alleges that HMC and HMA "are affiliated corporations which represent they operate jointly as a single entity and provide construction and engineering/architectural services as 'H&M Company'" (*id.* ¶ 4), it also alleges separate conduct on the part of each defendant.

With respect to HMC, the amended complaint alleges that its "conduct in undertaking the work of installing, constructing and inspecting the work as well as supervising the work of its subcontractors fell below the standard of care governing such installations." (*Id.* ¶ 17.) With respect to HMA, the amended complaint alleges that it "took numerous actions to actually supervise construction of the Macy's distribution center" (*id.* ¶ 21), "assumed the responsibility for providing professional engineering/architectural services to design and construct the addition to Macy's distribution center in a first-class and workmanlike manner, [and] failed to do so" (*id.* ¶ 23), and "assumed the responsibility of directing construction of the Macy's distribution center to achieve such a result, [and] similarly failed to properly supervise that construction" (*id.*). Further, the amended complaint alleges that HMA "failed to require in its plans, drawings, directives or otherwise that its employees or its subcontractors wrench-tighten the sprinkler heads in compliance with the governing standards." (*Id.* ¶ 23(a).)

## LEGAL STANDARD

"[T]o survive a motion to dismiss, a party must allege 'sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *In re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144 (9th Cir. 2013) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678). "[A]ll well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *Id.* at 1144-45 (citation omitted). However,

the court need not accept legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 679-80. The court also may dismiss due to "a lack of a cognizable legal theory." *Mollett v. Netflix, Inc.*, 795 F.3d 1062, 1065 (9th Cir. 2015) (citation omitted).

## ANALYSIS

The disputed issue here is whether HMA owed a "duty of care" to Macy's, which is one of the elements of a claim for negligence. *Gipson v. Kasey*, 150 P.3d 228, 230 (Ariz. 2007) ("Whether the defendant owes the plaintiff a duty of care is a threshold issue; absent some duty, an action for negligence cannot be maintained."). "Arizona does not presume duty; rather, in every negligence case, the plaintiff bears the burden of proving the existence of a duty." *Quiroz v. Alcoa, Inc.*, 416 P.3d 824, 838 (Ariz. 2018).

As an initial matter, the Court will note that HMA's position on this issue has shifted over time. In its motion, HMA chose to advance only a narrow, fact-specific argument—it argued that because the incident was alleged to have arisen from the faulty installation of the sprinkler heads, yet the amended complaint didn't allege that HMA was the party responsible for performing the installation, the amended complaint failed to state a claim. (Doc. 70 at 2.) In response, Macy's argued, *inter alia*, that HMA's position was based on a mischaracterization of the amended complaint, which actually alleged that HMA was responsible the "design and supervision" of the installation. (Doc. 72 at 3.) In its reply, HMA shifted course and advanced a broad legal argument—it argued the Arizona Supreme Court's "landmark" decision in *Quiroz* implicitly overruled a line of Arizona decisions from the 1970s and 1980s holding that professionals may be sued for negligence by project owners and other third parties even in the absence of a contractual relationship between the parties. (Doc. 73 at 1-4.) Macy's then filed a motion to strike, arguing that HMA's reply contained "new-found arguments [that] fall far outside the scope of [HMA's] opening brief." (Doc. 75 at 1.)

The motion to dismiss will be denied for two independent reasons. First, the Court agrees with Macy's that the *Quiroz*-based arguments contained in HMA's reply aren't properly preserved. It is hornbook law that a litigant can't raise new arguments for the first

- 4 -

time in a reply.[1] The only duty-related argument properly raised in HMA's motion to dismiss was a narrow one (*i.e.,* whether, as a factual matter, the amended complaint contains any allegations suggesting it bore responsibility for the faulty sprinkler system).[2] That argument is unavailing—the amended complaint specifically alleges that HMA was responsible for the system's design and for supervising the system's installation. (Doc. 67 ¶¶ 21, 23; *see also* Doc. 72 at 2 ["Macy's alleges HMAE . . . failed to specify in its drawings or plans that the sprinkler's heads be wrench-tightened; thereafter, HMAE failed to properly supervise or inspect the system to ensure the sprinkler heads had been wrench-tightened."].)

Second, the motion to dismiss would fail even if HMA had properly presented its *Quiroz*-based arguments. In *Quiroz*, the Arizona Supreme Court considered "whether an employer who used asbestos materials in its workplace before 1970 had a duty to protect the public from off-site contact with employees who may have been carrying asbestos fibers on their work clothes." 416 P.3d at 827. The Court concluded the employer had no such duty. *Id.* at 843. In reaching this result, the Court emphasized that the concept of foreseeability is irrelevant when determining whether a duty of care exists and that, "[b]ased on *Gipson*'s elimination of foreseeability, duty in Arizona is based on either recognized common law special relationships or relationships created by public policy." *Id.* at 829. The Court further held that certain pre-2007 decisions from Arizona courts were

---

[1] Macy's has moved to strike HMA's reply. (Doc. 75.) This is unnecessary. *AIRFX.com v. AirFX LLC*, 2012 WL 129804, *1 (D. Ariz. 2012) ("Defendant moves to strike plaintiffs' reply . . . , arguing that the reply raises new arguments . . . . [A] motion to strike in this case is unnecessary, as we do not consider new arguments raised in a reply."). The Court will, however, grant the alternative request by Macy's to treat its motion to strike as a sur-reply (*see* Doc. 75) and will deny HMA's motion for leave to file a second sur-reply (*see* Doc. 80).

[2] During earlier stages of the case, Macy's seemed to be pursuing a claim that HMA could be held liable for torts committed by HMC—even if HMA didn't owe any independent duties to Macy's—through an alter-ego theory. The Court identified this potential theory in its previous dismissal order, noting that Macy's had failed to plead it with specificity (*see* Doc. 64 at 4), and Macy's then included an array of new factual allegations in the amended complaint concerning the relationship between HMA and HMC. In the motion to dismiss, HMA argued that the new alter-ego allegations were still insufficient and cited cases in support of this view. (Doc. 70 at 2-3.) In its response, Macy's failed to address the issue. (Doc. 72 at 5.) Accordingly, the Court will not address the alter-ego analysis in this order.

"no longer valid" because they improperly considered foreseeability as part of the duty calculus. *Id.*

HMA's reliance on *Quiroz* is misplaced. Notably, in *Quiroz*, there was "no allegation that [the defendant] created a special relationship with Quiroz based on a contract or a negligent undertaking." 416 P.3d at 831. Here, in contrast, Macy's has advanced several different theories as to why a special relationship came into existence, including a contract theory and a negligent-undertaking theory. (Doc. 72 at 5.) Arizona courts have accepted those theories when authorizing negligence claims against professionals, even in the absence of a contractual relationship between the parties. *See, e.g., Stanley v. McCarver*, 92 P.3d 849 (Ariz. 2004) (applying negligent-undertaking theory to conclude that radiologist paid by employer to review job applicant's x-rays assumed a duty of care to applicant); *Haines v. Get Air Tucson Inc.*, 2018 WL 5118640, *2-3 (D. Ariz. 2018) (professional firm hired by trampoline park to develop safety rules owed a duty of care to trampoline park's customers: "[E]ven though there was no direct business-customer relationship, Plaintiff and [the firm] nevertheless had a special relationship based on [the firm's] undertaking to create safety rules for other Get Air trampoline parks . . . . Imposition of a duty based on this special relationship is supported by Arizona case law as well as sections 323 and 324A of the Restatement (Second) of Torts."); *SRK Consulting, Inc. v. MMLA Psomas, Inc.*, 2009 WL 2450490, *4 (D. Ariz. 2009) (design firm hired as subcontractor on mine-remediation project owed a duty of care to project owner: "Even if the design services were undertaken in the absence of the explicit Subcontract Agreement, such services performed by [subcontractor] for the benefit of [project owner] establish the type of subcontractor relationship out of which an independent duty to [project owner] arises."). Nothing in *Quiroz* suggests those cases were incorrectly decided—to the contrary, *Quiroz* affirmed *Stanley*'s continued validity. 416 P.3d at 838-39.

Accordingly,

**IT IS ORDERED** that**:**

1. The motion to strike (part of Doc. 75) is **DENIED**;

2. The alternative motion to have Doc. 75 accepted as a sur-reply (part of Doc. 75) is **GRANTED** such that Doc. 75-1 is accepted as a sur-reply;

3. HMA's motion for leave to file a sur-reply (Doc. 80) is **DENIED**;

4. HMA's motion to dismiss the first amended complaint (Doc. 70) is **DENIED**; and

5. Macy's shall have until **December 3, 2018** to refile the documents that were previously filed as Docs. 65-1 and 65-2. If Macy's fails to comply with this order, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Macy's and deny any pending motions as moot.

Dated this 19th day of November, 2018.

Dominic W. Lanza
United States District Judge