**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Macy's Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>H&M Construction Company Incorporated, et al.,<br><br>Defendants. | No. CV-17-00990-PHX-DWL<br><br>**ORDER** |

Pending before the Court is Defendant H&M Construction Company Incorporated's ("H&M") motion for $46,688 in attorneys' fees (Doc. 139), which Plaintiff Macy's Incorporated ("Macy's") opposes (Doc. 142).[1] For the following reasons, the motion will be denied.

## BACKGROUND

Macy's filed this lawsuit in April 2017. (Doc. 1.) The operative complaint asserted a single cause of action against H&M: "Negligence of [H&M] in constructing the sprinkler system." (Doc. 67 at 7-9.)

On April 1, 2019, H&M filed a motion for summary judgment. (Doc. 106.) In this motion, H&M emphasized that "[t]he negligence claim against H&M is currently the only pending claim in this lawsuit" and "[s]ignificantly, Plaintiff has not asserted a claim for breach of contract or breach of any implied warranty under the contract." (*Id.* at 5.) H&M

---

[1] Macy's has requested oral argument, but this request will be denied because the issues are fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearings); LRCiv. 7.2(f) (same).

later reiterated: "It is important to note, again, that the claim being asserted by Plaintiff is one for negligence, and not a breach of contract claim." (*Id.* at 8.) H&M proceeded to seek summary judgment on the negligence claim because, *inter alia*, Macy's hadn't produced an expert to establish the standard of care, as required under Arizona law in negligence lawsuits against professionals. (*Id.* at 8-9.)

On April 30, 2019, Macy's filed its response to H&M's summary judgment motion. (Doc. 109.) Among other things, Macy's argued it wasn't required to produce expert testimony concerning the standard of care because its contract with H&M established the standard of care.[2] (*Id.* at 9-11.)

On May 16, 2019, H&M filed its reply. (Doc. 114.) In the very first sentence of this brief, H&M wrote: "[I]t is important to note at the outset that the only claim currently pending in this lawsuit is a negligence claim against H&M. Plaintiff has no breach of contract claim. Accordingly, this Court must evaluate Plaintiff's claim solely as a negligence claim." (*Id.* at 2.) H&M went on to argue that it was entitled to summary judgment because "[t]he standard of care in tort is based on standards established by existing law, not by contract." (*Id.*)

On August 16, 2019, the Court issued a 21-page order that granted summary judgment in H&M's favor. (Doc. 135.) Among other things, the Court stated that it "agrees with H&M and disagrees with Macy's concerning how to formulate the standard of care in this case. Although Arizona law is not a model of clarity, it supports the conclusion that a plaintiff cannot sue a professional under a negligence theory by simply pointing to the parties' contract and arguing that the contractual provisions establish the standard of care for purposes of tort liability. This approach would upset the carefully calibrated distinction between contract and tort law that Arizona courts have long followed." (*Id.* at 7.) Thus, the Court concluded that "Macy's cannot simply point to the language in its contract with H&M as establishing the standard of care for its tort claim" (*id.* at 15) and that the failure

---

[2] Later, in a supplemental brief, Macy's reiterated that its position is that "[i]f a contract establishes the defendant's obligations, the plaintiff can base its negligence action on the . . . standard of care established by the contractual obligations." (Doc. 133 at 4.)

- 2 -

of Macy's to produce any expert testimony establishing the standard of care meant that Macy's could not prevail on its negligence claim (*id.* at 15-21).

**DISCUSSION**

H&M now seeks to recover the $46,688 in attorneys' fees it incurred when defending this action. (Doc. 139.) The sole statute on which H&M relies is A.R.S. § 12-341.01(A), which provides in relevant part that "[i]n any contested action *arising out of a contract*, express or implied, the court may award the successful party reasonable attorney fees." *Id.* (emphasis added). H&M argues that, although "Plaintiff's only claim against H&M Construction [was] a negligence claim," that claim "arose" from the parties' underlying contract, which Macy's unsuccessfully proffered when attempting to establish the standard of care. (Doc. 139 at 1-4.)

These arguments are unavailing. This was a negligence case, not a breach-of-contract case. Indeed, H&M went out of its way to emphasize the absence of a contract claim in its summary judgment papers and the Court granted summary judgment to H&M in part because Macy's couldn't rely on its underlying contract with H&M to establish the standard of care for the negligence claim.

A.R.S. § 12-341.01(A) does not permit recovery under these circumstances. As the Ninth Circuit has emphasized, "where a contract is merely somewhere within the factual background, an award of fees under § 12-341.01(A) is not proper. . . . [T]he fee statute 'does not apply if the contract is only a factual predicate to the action but not the essential basis of it.'" *In re Larry's Apartment, L.L.C.*, 249 F.3d 832, 836 (9th Cir. 2001) (citations omitted). Put another way, "the mere existence of a contract as a factor in an action does not allow a fee award where the contract is simply 'peripherally involved in a cause of action.'" *Id.* at 837 (citation omitted).

The most analogous Arizona case cited in the parties' briefs is *Lewin v. Miller Wagner & Co., Ltd.*, 725 P.2d 736 (Ariz. Ct. App. 1986). There, the plaintiff successfully sued his accountant for malpractice, obtaining an award of $200,000 in damages, and the trial court then awarded the plaintiff over $61,000 in attorneys' fees under A.R.S. § 12-

341.01(A) under the theory that the malpractice had "emerge[d] from a contract for professional services" between the parties. *Id.* at 739, 742. The Arizona Court of Appeals reversed the fee award, holding that "while a contractual relationship may give rise to a duty to perform in accordance with a certain standard of care, this legally imposed duty exists separate and apart from the contract giving rise to the duty. The failure to comply with this standard of care results in a breach of the legal duty imposed and is not an action 'arising out of contract' under A.R.S. § 12–341.01(A)." *Id.* at 743. The parallels between this case and *Lewin* are obvious. Indeed, in the summary judgment order, the Court cited *Lewin* as one of the Arizona cases establishing that Macy's couldn't proffer its contract with H&M as establishing the standard of care for its tort claim against H&M. (Doc. 135 at 11-12.)

Accordingly, **IT IS ORDERED** that H&M's motion for attorneys' fees (Doc. 139) is **denied**.

Dated this 23rd day of October, 2019.

Dominic W. Lanza
United States District Judge